STATE OF DELAWARE ON THE RELATION OF ARTHUR R. KEE, THOMAS GREER AND SAMUEL T. LANDERS, ROAD COMMISSIONERS OF NEW CASTLE HUNDRED, in New Castle County and State of Delaware, *vs.* THE MAYOR AND COUNCIL OF NEW CASTLE, a municipal corporation existing under the laws of the State of Delaware, and JAMES E. WHITE, Collector of Taxes of said corporation.

*Mandamus—Rule to Show Cause; Motion to Quash—Taxes; Lien of—Municipal Corporation—Road Commissioners—Collector of Taxes.*

1. Mandamus is a prerogative writ, and may be withheld or granted by the Court in the exercise of a reasonable discretion. If a reasonable doubt exists it will be refused.

2. When the law provides that no tax shall be collected after the expiration of one year from the date of the warrant for its collection, and it appears to the Court that the tax, for the enforcement of the collection of which the writ is sought, has been levied and assessed, and the warrant for the collection of the same delivered to the collector, more than a year, the petition for the writ of mandamus will be dismissed, because it is not in the power of the collector to collect the tax. The law will not attempt to enforce a person to do a thing which by law it is impossible for him to do.

3. The writ of mandamus will not be awarded when, if granted, it would prove nugatory and unavailing.

*(March 15, 1900.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles* for petitioners.

*Alexander B. Cooper* for respondent.

Superior Court, New Castle County, February Term, 1900.

MOTION TO QUASH RULE TO SHOW CAUSE why mandamus should not issue and to dismiss petition.

The petition was in the following form :

To the Honorable, the Judges of the Superior Court of the State of Delaware, in and for New Castle County.

The petition of Arthur R. Kee, Thomas Greer and Samuel T. Landers respectfully represents :

1. That your petitioners are residents of New Castle Hundred, New Castle County and State of Delaware.

2. That your petitioners are and have been since the general election day in November, 1898, Road Commissioners for New Castle Hundred, New Castle County and State of Delaware.

3. That the Mayor and Council of New Castle is, and for many years last passed has been, a municipal corporation duly existing under the laws of the State of Delaware.

4. That the said James E. White is the collector of taxes duly appointed and qualified under the provisions of an act entitled "An Act to Incorporate the City of New Castle," passed at Dover February 25, 1875.

5. That the said James E. White is the collector of the road and street tax provided for under *Chapter 756, Volume 19, Laws of Delaware*, passed at Dover March 17, 1893.

6. That the Mayor and Council of New Castle, by virtue of the act creating it, and the supplements and amendments thereto has power and authority to raise by taxation such sum or sums of money as may be necessary on the persons and estates in the said city.

7. That in pursuance of said authority, the said The Mayor and Council of New Castle, on or before the second Tuesday in May, in the year 1898, met, estimated and determined the sum or sums of money necessary to be raised as aforesaid, and thereupon did issue its precept as provided by law, directed to the assessor of the said city, requiring him within thirty days thereafter to make a true and impartial list of all the persons and estates within the said city, together with the sum and sums of money in dollars at which it should appear to him the said persons or property ought to be rated.

8. That the said assessor, in conformity with law, laid before the said The Mayor and Council of New Castle the said list and assessment, which was approved by the said council, and duly set up and posted according to law.

9. That thereafter the said council estimated and determined the rate of taxation necessary to raise the sum or sums of money required, and caused to be made out a true list, and certified the same under their hands, or the hands of a majority of them, and delivered the same into the hands of the said James E. White, the collector appointed by them, with a precept or warrant under the hands of the said council, or a majority of them, requiring the said collector forthwith to collect and receive from the persons and estates assessed the several sums in the said list mentioned.

That the city council of New Castle met within twenty days after the city assessment above named had been completed, and estimated the sum of money which it would be necessary to raise for the roads and streets of said city, calculated the rate per centum thereof on the said assessment, and laid the tax accordingly.

That the said city council appointed the said James E. White to be the collector of the road and street tax so laid, who gave bond with surety, approved by the city council, as provided by law; within ten days after the appointment of the said collector the said city council gave to him a duplicate of and warrant for the collec-

tion of the tax so laid; whereby, and by force of the statute, he was commanded forthwith to collect the said tax, and was given the same powers conferred by law as aforesaid upon the collector of city taxes.    That the amount so levied, if collected, is amply sufficient to pay the amount due these relators as aforesaid.

10. That the said collector was authorized and required in and by the said law to collect from the persons liable to pay the same by distress and sale of their goods and chattels, lands and tenements, the amount so levied as aforesaid thirty days after demand made.

11. That the Council of New Castle was, and is, required by law, on or before the first day of November in each year, to pay, or cause to be paid, to the Road Commissioners of New Castle Hundred the sum of six hundred dollars, to be applied by the the said commissioners in the same manner as other taxes collected by them.

12. That although the tax levied by the Mayor and Council of New Castle as aforesaid was and is ample and sufficient to pay the said sum of six hundred dollars to the commissioners aforesaid, and although demand has been made upon the said The Mayor and Council of New Castle to pay the same, yet these petitioners allege and say that the said The Mayor and Council of New Castle, acting through its counsel, has neglected and refused to pay to your petitioners the said sum of six hundred dollars as aforesaid.

13. That the said collector has neglected and refused to collect the taxes so levied as aforesaid, and to pay the same to the said The Mayor and Council of New Castle, as provided by law.

14. That your petitioners, by reason of the public necessities, are greatly embarrassed by reason of the neglect and refusal of the respondents as aforesaid, and aver that they are unable to perform their public duty and functions in connection with the public roads

of New Castle Hundred by reason of such neglect and refusal, and thereby a great injury and detriment has resulted to the citizens of the said hundred, and other citizens of this State, and especially to your petitioners as commissioners as aforesaid, inasmuch as thereby they have been hindered and prevented from performing the public duties by law required to be done by them.

WHEREFORE, averring that there is no other adequate remedy in the premises, your petitioners pray this Honorable Court to issue a writ of peremptory mandamus of the State of Delaware, directed to the said The Mayor and Council of New Castle, and to the said James E. White, collector as aforesaid, commanding them and each of them as follows, to wit:

That he, the said James E. White, collector as aforesaid, shall forthwith collect the taxes so levied and unpaid as aforesaid, and shall forthwith pay the same to the said The Mayor and Council of New Castle, and when so paid the said The Mayor and Council of New Castle may forthwith pay unto your petitioners, road commissioners as aforesaid, the said sum of six hundred dollars, together with interest thereon from the first day of November, A. D. 1898, etc.

BOYCE, J.:—This was a motion to quash the rule to show cause why a mandamus should not issue, and to dismiss the petition.

Mandamus is a prerogative writ, and may be withheld or granted by the Court in the exercise of a reasonable discretion. If upon an application for the writ, a reasonable doubt exists, such as controls the judgment of the Court, it will be refused.

In considering this application, we are confronted with a provision in the City Charter which makes the denial of the writ incumbent upon us. "No tax herein provided for shall be collected after the expiration of one year from the date of the warrant or precept for the collection of the same," is the language of the

statute. And the tax for the enforcement of the collection of which the writ is sought, was levied and assessed, and the warrant for the collection of the same was delivered to the collector, more than one year ago. And it is therefore now beyond the power of the collector to collect the same by process of law.

There seems to be no dissent from the proposition that the law will not attempt to enforce a person to do a thing which by law it is impossible for him to do.

Our courts have decided that the writ will not be awarded when, if granted, it would prove nugatory and unavailing.

*Lurty vs. Hardcastle, et al., 1 Marvel, 476; McCoy, et al., vs. State ex. rel. Allee, et al., 2 Marvel, 573.*

Rule discharged and petition dismissed with costs.