STATE OF DELAWARE, on the relation of·The Volunteer Firemen's Relief Association of Wilmington, Delaware, a corporation of the State of Delaware, *vs.* THE MAYOR AND COUNCIL OF WILMINGTON, a Municipal Corporation of the State of Delaware; LeRoy Harvey, Mayor; Howard M. Ward, President; Arthur Johnson, Herman D. Faulkner, John E. McNabb, James T. Taylor, Alex R. Abrahams, John O. Hopkins, James S. Evans, James B. McManus, Harry E. Vincent, John J. Mulvena, John F. Henry and John J. Murray, members of the City Council, and Samuel J. White, City Treasurer.

1.  MANDAMUS—NO ALTERNATIVE WRIT ISSUED WHERE PARTIES HAVING POWER TO PERFORM DUTY COMMANDED ARE NOT BEFORE COURT.

Since by Wilmington City Charter, § 34, an order withdrawing money from the city treasury is required to be signed by the president and clerk of the council and countersigned by the city treasurer and auditor, in mandamus to compel the mayor and council to pay the Volunteer Firemen's Relief Association the fund provided by 32 *Del. Laws, c.* 111, § 13, where the treasurer and auditor were not made parties, no order could be made on the auditor and treasurer, and the alternative writ will not issue.

2.  MUNICIPAL CORPORATIONS—ACT CREATING PUBLIC SAFETY DEPARTMENT FOR WILMINGTON DID NOT REPEAL CHARTER AS TO MANNER OF PAYMENTS BY CITY.

While 32 *Del. Laws, c.* 111, § 13, creating a department of public safety for Wilmington, provides that payment of a certain fund shall be made by the "mayor and council," the payment is to be made only in the manner prescribed by the City Charter, § 34; the act of 1921 not repealing or modifying the charter in this respect.

(*September* 19, 1922.)

RICE and RODNEY, J. J., sitting.

*Henry R. Isaacs* and *La Penne Guenveur* for relator.

*Reuben Satterthwaite, Jr.,* for defendants.

Superior Court for New Castle County, May Term, 1922. MANDAMUS, No. 175, May Term, 1922.

RODNEY, J., delivering the opinion of the Court:

A verified petition was filed by the relator praying for the issuance of a writ of mandamus directed to the defendants to compel them to pay to the relator the sum of fifteen thousand dollars. The petition and suit is based upon *Sec.* 13, *c.* 111, *vol.* 32, *Laws of Delaware* (*vol.* 32, p. 332), entitled, "An act creating a department of public safety for the city of Wilmington and prescribing its powers and duties." The section reads:

"Within three months after the taking over by the 'Department of Public Safety,' of the real and personal property of the several fire companies, the said 'the mayor and council of Wilmington' shall pay to the proper officers of the Volunteer Firemen's Relief Association, the sum of fifteen thousand dollars, the same being in full payment for all claims and demands whatsoever."

[1] The petition alleges that the prescribed time of three months has elapsed and that there has been a demand for and a refusal of the payment of the said sum of $15,000.00.

On this petition a rule was issued to show cause why a writ of mandamus should not issue as prayed for.

The respondents have moved to quash the rule and to dismiss the petition for the following reasons:

1.    That the said petitioner has an adequate and sufficient emedy at law, to wit, an action at law against the mayor and ouncil of Wilmington for the collection of the fifteen thousand $15,000.00) dollars alleged to be due.

2.    Said petition does not allege that the respondents have sufficient money, not otherwise appropriated by law, out of which said fifteen thousand ($15,000.00) dollars can be paid.

3.    That said petition does not name as respondents necessary parties.

4.    That said respondents would be unable to comply with the terms of a peremptory writ of mandamus if the court should order such a writ as prayed for in said petition.

It is unnecessary to consider the first two objections to the petition filed in view of the opinion as to the third and fourth. The third objection sets forth that necessary parties are not made in the suit.

*Section* 34 of the charter of the city of Wilmington (*Laws of Delaware, Vol.* 17, *c.* 207) provides that all money coming into the hands of the city treasurer shall be deposited by him in banking institutions provided by said act, in the name of "the mayor and council of Wilmington" generally, except as to the proceeds of bond issues. The section further provides:

"All moneys so deposited shall be drawn out only on an order signed by the president and clerk of council, and countersigned by the city auditor and city treasurer, or in case of the absence or temporary disability of either, then by such person as the council may designate by resolution, and the others."

*Section* 35 of said act provides:

"If the city treasurer shall pay any money out of the city treasury contrary to the provisions of this act, he shall forfeit and pay to the corporation, for every such offense, a fine of five hundred dollars, and he and his sureties shall be liable to the city upon his official obligation for any money so paid out by him."

The express statutory provision, therefore, as found in the city charter, requires any order withdrawing money from the city treasury to be signed by the president and clerk of council and countersigned by the city auditor and city treasurer. Neither the clerk of council nor the city auditor are parties to this proceeding and no writ issued by this court in this cause would reach them nor would any order made herein be binding upon them. Since the Legislature has specifically said that no order shall be drawn on the public funds without the signature of these two officers and since this court cannot in this proceeding make any order on these two officers, it necessarily follows that this court should not grant the prayer of the petition and issue the alternative writ. As this court said in *De Julvecourt v. Pan American Co.*, 5 *Penn.* 392, 61 *Atl.* 399:

"It is a well settled rule in the law of mandamus that the peremptory writ should be issued against the person or persons who have the power to perform the duty commanded."

It must also be true that the alternative writ will not be issued where it clearly appears from express statutory enactment that the persons who have the power to perform the duty commanded are not before the court. It has been held repeatedly in

this state that this court will not award the writ of mandamus, which if granted would prove nugatory and unavailing. There seems to be no dissent from the proposition that the law will not attempt to enforce a person to do a thing which by law it is impossible for him to do. *Road Commissioners v. New Castle*, 2 *Penn.* 466, 47 *Atl.* 374.

[2] The relator contends that since the act of 1921 provides that the payment shall be made by the "mayor and council of Wilmington" that the municipal corporation as an entity is the only necessary party and that this court by mandamus can enforce payment. While the payment is to be made by the corporation as provided in the act of 1921, it is only to be made in the manner specifically prescribed in the act of 1883 (the city charter). The act of 1921 does not repeal or modify the city charter in this respect.

In view of the foregoing opinion it is unnecessary to consider the fourth objection to the petition, viz.: the inability of the municipal corporation to comply with any order made by this court. This objection is based upon and supported by the same reasoning applicable to the objection just discussed.

For the reasons stated the motions to quash the rule and dismiss the petition are granted and the rule discharged.